## Commonwealth v. Lesher

*John E. Gallagher, District Attorney,* for Commonwealth.
*George A. Heitczman,* for defendant.

WILLIAMS, *J.,* December 28, 1977 — Defendant in the above-captioned matter was originally indicted upon a charge of murder. After trial by jury he was convicted of voluntary manslaughter. The Supreme Court of Pennsylvania awarded a new trial, which was held during the week of September 13, 1977. Defense counsel initially requested and then withdrew proposed instructions to the jury on the offense of involuntary manslaughter, the elements of which were clearly present. The jury acquitted defendant of voluntary manslaughter, the only charge before it. The case involved the fatal shooting by defendant of a member of a rival motorcycle gang who attempted to gain access to defendant's home.

At the present time, we have before us a petition of defendant's wife for the return of the pistol used by defendant. At the conclusion of the trial, the court ordered the weapon to be destroyed by the sheriff. At defense counsel's request, enforcement

of the order was deferred to permit consideration of the present petition.

At the hearing on the present motion and at both trials, Constance Lesher testified that the pistol was registered in her name and had been acquired at an unknown gun shop on Route 309. It was paid for by her husband, who used it for target shooting and kept it in a nightstand next to his bed. Upon cross-examination, she agreed that it was purchased jointly. Finally, she indicated that if the gun would be returned, she would sell it.

There appears to be very little law in this or in any other jurisdiction concerning the release of evidence such as the weapon in question. Those cases, dealing with the forfeiture of liquor, gambling equipment and motor vehicles used in the transportation of contraband, based upon statute, are clearly inapposite.

Counsel has suggested that three cases arising in Somerset County bear upon the issue: Commonwealth v. Throckmorton, 1 D. & C. 3d 682 (1976); Commonwealth v. Reedy, 2 D. & C. 3d 240 (1976); and Commonwealth v. Spisak, 69 D. & C. 2d 659 (1974). We have reviewed each of those opinions, especially the discussion in Spisak. In our opinion the factual basis for those decisions is inapplicable to the case at hand. The alleged illegal possession of a weapon should not be compared with weapons that, even though legally possessed, have been used to kill a human being, whether or not there has been an acquittal.

By analogy to several decisions in Pennsylvania and other jurisdictions, an acquittal of a criminal charge does not remove the taint of the evidence which formed the basis for the charge. In our opinion a pistol or other weapon which has been used to kill a human being should be destroyed so that it

can never again be used for that purpose. It does not belong in commerce or in a private collection. We believe that the order of destruction previously entered is within the inherent powers of the court and that no person is entitled to compensation on account of such destruction.

Accordingly, the petition of Constance Lesher is denied and the following is entered.

## ORDER OF COURT

And now, December 28, 1977, the petition of Constance Lesher for the return of a 9mm Browning Hipower semi-automatic pistol, serial no. 73C75276, is denied and dismissed. The sheriff of Northampton County is directed to destroy the weapon and to demonstrate compliance with the same to the court.